# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2764
_____

Shawn Michael Walther

*Plaintiff  Appellant*

v.

Yonas Habtermariam; William Trachsel;
Christi Gonzalez; Hellaryce Reed

*Defendants  Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 28, 2022
Filed: January 13, 2023
[Unpublished]

_____

Before LOKEN, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM

Shawn Walther filed this prisoner civil rights complaint under 42 U.S.C. § 1983 against numerous officials at the St. Louis County Justice Center (collectively, Appellees) alleging they violated his Due Process rights as a Justice Center pretrial detainee when they used excessive physical force and placed him in a restraint chair

for several hours in response to his passive resistance to commands during an incident in mid-June 2017. After a pretrial evidentiary hearing, the district court[1] dismissed the suit without prejudice, agreeing with Appellees that Walther had failed to exhaust available administrative remedies, as the Prison Litigation Reform Act ("PLRA") requires. See 42 U.S.C. § 1997e(a). Walther appeals the dismissal. After briefing by counsel, we advised that the appeal would be submitted without oral argument. Walther then filed a *pro se* motion objecting to no-argument submission.

At the evidentiary hearing, Walther testified that he attempted to submit three written grievances about the June 2017 incident, as the Justice Center's internal grievance policy requires, but jail officials failed to deliver or destroyed all three. Because he never received a grievance response, Walther asserted, he could not appeal any adverse decision. The district court found Walther's testimony not credible because it contradicted his deposition testimony in several important respects and was inconsistent with testimonial and documentary evidence submitted by Appellees. The court found Walther's testimony "implausible" because he admitted knowing and understanding the grievance policy; his other unrelated grievances were processed consistent with the policy; and the manager responsible for processing grievances testified that he searched thoroughly for the allegedly missing grievances and did not believe any grievance filed by Walther would be destroyed. Based on this credibility finding, the district court dismissed the action for failure to exhaust.

On appeal, while we review *de novo* the district court's application of the PLRA's exhaustion requirement, we will reverse a district court's factual findings underlying an exhaustion determination only if the district court committed clear error. See, e.g., Boyd v. Rechcigl, 790 F. App'x 53, 54 (8th Cir. 2020). Walther is

___

[1]The Honorable Shirley Padmore Mensah, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

unable to overcome our deferential standard of review.  Indeed, where the key finding is the district court's credibility determination, as in this case, the district court is entitled to even greater deference.  Id.  Its credibility finding is virtually unreviewable on appeal.

For the foregoing reasons, we will not disturb the district court's adverse credibility determination.  Walther's argument that anyone could have accessed the unlocked grievance submission box, where Walther testified his grievances were placed before processing, cannot overcome the court's finding that the testimony was not credible.  Therefore, we agree with the district court that Walther failed to carry his burden of proving that prison officials made the unexhausted grievance remedies unavailable.  Accordingly, we affirm the judgment of the district court and deny as moot Walther's *pro se* objection to no-argument submission.  See 8th Cir. Rule 47B.

_____